# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| **DEMERT BRANDS, LLC,** | Civil Case No. 8:22cv1103 |
| Plaintiff, | **COMPLAINT** |
| *v.* | **DEMAND FOR A JURY TRIAL** |
| **NOT MY MAMA'S LLC,** | **PERMANENT INJUNCTIVE RELIEF REQUESTED** |
| Defendant. | |

Plaintiff DeMert Brands, LLC ("**DeMert**" or "**Plaintiff**"), through its attorneys Carlton Fields, P.A. and Carey, O'Malley, Whitaker, Mueller, Roberts & Smith, P.A., for its Complaint seeking a permanent injunction and damages against Defendant Not My Mama's LLC ("**Not My Mama's**" or "**Defendant**") for trademark infringement and related causes of action, alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action arising from Defendant's wrongful trademark infringement, trademark dilution, and unfair competition. Defendant has been and is imitating Plaintiff's famous and distinctive marks in commerce, in connection with goods and in advertising and domain name web presence, in ways that are confusingly similar, dilutive, and likely to cause confusion, deception, and mistake. Defendant's conduct has caused and continues to cause direct and indirect economic

and other harm and damages to Plaintiff, and irreparable injury with no adequate remedy at law.

2.      Plaintiff's allegations herein are upon actual knowledge with respect to itself and its own acts, and on information and belief as to all other matters.

3.      All conditions precedent to filing this action have been met, performed, satisfied, waived, or excused.

4.      Plaintiff has retained the undersigned attorneys to represent it in this action and has agreed to pay its attorneys a reasonable fee for their services.

## THE PARTIES

5.      Plaintiff DeMert Brands, LLC is a limited liability company, organized and existing under the laws of the State of Florida, with a principal place of business at 15402 N. Nebraska Ave., Ste. 102, Lutz, Florida 33549. Plaintiff is a well-known manufacturer of a wide range of hair care and other beauty products doing business nationally and in this District. Plaintiff sells beauty products under the famous family of marks NOT YOUR MOTHER'S.

6.      On information and belief, Defendant Not My Mama's LLC is a limited liability company, organized and existing under the laws of the State of Florida, with a principal place of business at 4180 Oak Circle, Boca Raton, Florida 33431, doing business nationally and in this District.

2

7.    On information and belief, Defendant advertises and sells various beauty and personal care products under the brands NOT MY MAMA'S on its website www.notmymamas.com and elsewhere.

## JURISDICTION AND VENUE

8.    This case is a civil action arising under §§ 1114 and 1125 of the Trademark Act of July 5, 1946, commonly known as the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.; and the laws of the State of Florida.

9.    This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

10.    This Court has personal jurisdiction over Defendant because (1) Defendant resides and has its principal place of business in this State; (2) the causes of action asserted in this Complaint arise out of Defendant's contacts with Florida and this District; and (3) Defendant has caused tortious injury to Plaintiff in Florida and this District.

11.    Venue is proper in this District per 28 U.S.C. §§ 1391(b)(2), (c)(2), and (d) because Defendant is subject to personal jurisdiction in this District. This Court has personal jurisdiction over Defendant as detailed above. Further, Defendant is selling products branded with the infringing trademarks in this District via, among other places, its website. Additionally, the effects of the commission of torts outlined

herein, including trademark infringement, trademark dilution, and unfair competition, including in online trade channels, are occurring in, aimed at, and/or felt by Plaintiff located in Lutz, Florida, which is located in this District. Venue is therefore proper in this Court because a substantial part of the events and tortious conduct giving rise to the claims herein occurred in this District and the impact of Defendant's misconduct occurred in this District. The injury, harm, and damage Plaintiff suffered and continues to experience has been inflicted in, and continues to be felt in, this District.

## FACTUAL BACKGROUND

*Plaintiff's NOT YOUR MOTHER'S Marks*

12.     Plaintiff owns a family of marks for a variety of beauty products perfected by federal and common law.

13.     Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 3,815,052 (the "**052 Registration**") on the Principal Register for the trademark  NOT YOUR MOTHER'S  (the "**052 Mark**") for "Hair care products, namely, hair spray and styling cream," which issued on July 6, 2010 and has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 1 is a true and correct printout from the United States Patent and Trademark Office's electronic database showing the current status and title of the '052 Registration as of 2022-05-05.

4

14.    Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 4,482,689 (the "**689 Registration**") on the Principal Register for the trademark NOT YOUR MOTHER'S (the "**689 Mark**") for "Hair care preparations, namely, hairsprays, hair mist, shampoos, dry shampoo, conditioners, setting lotion, styling gel, styling cream, styling spray, hair powder, detangler," which issued on Feb. 11, 2014 and has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 2 is a true and correct printout from the United States Patent and Trademark Office's electronic database showing the current status and title of the '689 Registration as of 2022-05-05.

15.    Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 5,837,634 (the "**634 Registration**") on the Principal Register for the trademark NOT YOUR M♥THER'S (the "**634 Mark**") for "Hair styling preparations; hair care preparations, hair cleaning preparations," which issued on Aug. 20, 2019. Attached as Exhibit 3 is a true and correct printout from the United States Patent and Trademark Office's electronic database showing the current status and title of the '634 Registration as of 2022-05-05.

16.    The '052 Registration, '689 Registration, and '634 Registration are together referred to as the "**NOT YOUR MOTHER'S Registrations**."

17.    Plaintiff is the owner of United States Trademark Application Serial No. 88/373,254 (the "**'254 Application**") for the trademark NOT YOUR MOTHER'S (the "**'254 Mark**") for "Nail care preparations; bath products, namely, fragranced body sprays in the nature of body sprays used as a personal deodorant and as fragrance; bath products, namely, body lotions, body creams, hand creams, shower gels, bath bombs; body spray; body splash; non-medicated skin care preparations," which was filed on Apr. 05, 2019 and is under examination. Attached as Exhibit 4 is a true and correct printout from the United States Patent and Trademark Office's electronic database showing the current status and title of the '254 Application as of 2022-05-05.

18.    Plaintiff is the owner of United States Trademark Application Serial No. 97/019,898 (the "**'898 Application**") for the trademark NOT YOUR MOTHER'S NATURALS (the "**'898 Mark**") for "Hair care preparations; Hair cleaning preparations; Hair styling preparations," which was filed on Sep. 09, 2021 and is awaiting examination. Attached as Exhibit 5 is a true and correct printout from the United States Patent and Trademark Office's electronic database showing the current status and title of the '898 Application as of 2022-05-05.

19.    Plaintiff's trademarks are referred to herein as the "**NOT YOUR MOTHER'S Marks**."

20.    Plaintiff has used several of the NOT YOUR MOTHER'S Marks continuously in interstate commerce for more than 10 years. For example, Plaintiff has used the '052 Mark in interstate commerce in the United States continuously since at least as early as Dec. 02, 2009 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and/or promotion of hair care products, hair sprays, and/or styling creams. Plaintiff has used the '689 Mark in interstate commerce in the United States continuously since at least as early as Dec. 07, 2009 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and/or promotion of hair care preparations, hairsprays, hair mists, shampoos, dry shampoos, conditioners, setting lotions, styling gels, styling creams, styling sprays, hair powders, and/or detanglers. Plaintiff has used the '634 Mark in interstate commerce in the United States continuously since at least as early as Dec. 02, 2009 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and/or promotion of hair styling preparations, hair care preparations, and/or hair cleaning preparations.

21.    As a result of its widespread, continuous, and exclusive use of the NOT YOUR MOTHER'S Marks to identify its goods and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the NOT YOUR MOTHER'S Marks.

22.     The NOT YOUR MOTHER'S Marks are distinctive to both the consuming public and Plaintiff's trade.

23.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the NOT YOUR MOTHER'S Marks, including through Plaintiff's marketing, advertising, and promotional efforts and channels for goods under the NOT YOUR MOTHER'S Marks.

24.     The goods and products Plaintiff offers under its NOT YOUR MOTHER'S Marks are of high quality.

25.     Plaintiff has advertised and promoted personal care and beauty products under the NOT YOUR MOTHER'S Marks for many years, including at trade shows, online and brick-and-mortar retail stores in the United States, and provides websites at www.notyourmothers.com and www.demertbrands.com ("**Plaintiff's Websites**").

26.     The NOT YOUR MOTHER'S Marks are well-known with a valuable goodwill belonging exclusively to Plaintiff. The NOT YOUR MOTHER'S Marks are also well-known to individuals looking to purchase personal care and beauty products.

27.     As a result of their distinctiveness and widespread use and promotion throughout the United States, the NOT YOUR MOTHER'S Marks are famous

trademarks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and upon information and belief, became famous prior to Defendant's adoption of the NOT MY MAMA'S Mark.

***Defendant's "Not My Mama's" Branded Products***

28.   On information and belief, Defendant adopted the name "Not My Mama's" as a trade name and mark for beauty and personal care products, and currently advertises such products on its website and elsewhere.

29.   On information and belief, Defendant is the current listed owner of United States Trademark Registration No. 5,979,232 (the "**NOT MY MAMA'S Registration**") for the trademark  NOT MY MAMA'S  (the "**NOT MY MAMA'S Mark**") in connection with "Personal deodorants; Deodorants for human beings" in International Class 003. The NOT MY MAMA'S Registration, based on an application filed on Nov. 14, 2018, was issued on Feb. 04, 2020 and alleges a date of first use of "Aug. 2019." Attached as Exhibit 6 is a true and correct printout from the United States Patent and Trademark Office's electronic database showing the current status and title of the NOT MY MAMA'S Registration as of 2022-05-05.

30.   On information and belief, Defendant owns and controls Defendant's Website, www.notmymamas.com, where Defendant conducts online commercial activities including the sale of personal care products under the NOT MY MAMA'S Mark.

129497961.1

31.    The use of the NOT MY MAMA'S Mark on Defendant's Website is misleading to consumers in the United States and likely to cause confusion.

32.    Defendant's NOT MY MAMA'S Mark is confusingly similar to and infringes and dilutes Plaintiff's NOT YOUR MOTHER'S Marks.

33.    Defendant's designation "NOT MY MAMA'S" so closely resembles Plaintiff's designation "NOT YOUR MOTHER'S" for personal care and beauty products that potential purchasers of the goods to be offered under Defendant's alleged mark and/or Defendant's Website would be likely to believe that Plaintiff is the source of such goods, or that Plaintiff has authorized, sponsored, approved of, or in some other manner associated itself with the goods of Defendant, thereby creating a likelihood of confusion, deception, or mistake, all to the damage of Plaintiff.

34.    Defendant's "NOT MY MAMA'S" and Plaintiff's "NOT YOUR MOTHER'S" designations both start with the word "not," followed by a first- or second-person, singular, possessive modifier, followed by a word for mother in the possessive. The words "your" and "my" are confusingly similar, both being singular, intimate, possessive modifiers, and the words "mother" and "mama" are confusingly similar, both being common ways of referring to a mother. The phrases as a whole have the highly-similar commercial impression.

35.    Defendant's personal care products using the NOT MY MAMA'S Mark, which include deodorants, face masks, face washes, and face serums, are highly similar to Plaintiff's goods using the NOT YOUR MOTHER'S Marks.

36.    The NOT MY MAMA'S Mark and the NOT YOUR MOTHER'S Marks designate goods classified in the same international class of good and services: International Class 003. Defendant has also shown a pattern of extension and encroachment by using its NOT MY MAMA'S Mark on more and more types of beauty products over time, beginning with deodorants and now including at least body lotions, face lotions, serums, and face cleansers.

37.    On information and belief, Defendant's NOT MY MAMA'S designated goods are sold to consumers in the same trade channels as Plaintiff, including websites like www.walmart.com and www.amazon.com.

38.    On information and belief, Defendant is using the NOT MY MAMA'S Mark in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and/or promotion of natural girls deodorants, personal care products, and deodorants and skincare products for "tweens and young teens," including to consumers via online trade channels through the website www.notmymamas.com and elsewhere. Attached as Exhibit 7 are true and correct printouts from www.notmymamas.com, www.walmart.com, and www.amazon.com

as of 2022-05-05 showing products such as deodorant, a "face mask kit," a "face wash," and a "face serum."

39.    When viewing the NOT MY MAMA'S Mark, consumers could well believe Plaintiff has expanded into the market for personal deodorants and deodorants for human beings.

40.    Plaintiff is a well-known manufacturer of a wide range of hair care and beauty products. Plaintiff uses its NOT YOUR MOTHER'S Marks in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and/or promotion of its products, including via online trade channels and including through the website www.notyourmothers.com and elsewhere. Attached as Exhibit 8 are true and correct printouts from www.notyourmothers.com, www.walmart.com, and www.amazon.com as of 2022-05-05.

41.    Over many years and with the expenditure of substantial time, money, and effort, Plaintiff's NOT YOUR MOTHER'S Marks have acquired fame and distinction in the eyes of the public across a range of beauty products for the hair, face, and body.

42.    On information and belief, Defendant began to use its NOT MY MAMA'S Mark for body deodorant products, but Defendant has expanded and is expanding its use of NOT MY MAMA'S on a wide range of new beauty and personal care products, such as face lotions and body lotions, as well as face

cleansers, such as face washes or face serums. Attached as Exhibit 9 is a true and correct screen capture from www.notmymamas.com/collections/all as of 2022-05-05 showing products such as "Face Cleansers," "lotion," and "natural skincare."

43.    Defendant's conduct aggravates the likelihood of confusion that exists between Plaintiff's NOT YOUR MOTHER'S Marks and Defendant's NOT MY MAMA's Mark. Defendant's wrongdoing has caused and continues to cause injury and harm to Plaintiff, including, without limitation, through the dilution as well as infringement of Plaintiff's NOT YOUR MOTHER'S Marks.

*Harm to Plaintiff and the Public*

44.    By virtue of extensive recognition, the high quality of the products offered under the NOT YOUR MOTHER'S Marks, Plaintiff's incontestable trademark registrations, and other factors, Plaintiff's NOT YOUR MOTHER'S Marks have become famous and are widely recognized in the United States as designating high quality products originating exclusively from Plaintiff.

45.    The NOT YOUR MOTHER'S Marks have become an intrinsic and essential part of the valuable goodwill and property of Plaintiff. Plaintiff's NOT YOUR MOTHER'S Marks are well-established and well-known to customers and the trade as symbols identifying and distinguishing Plaintiff's products, and signifying distinctive products of high quality. Only Plaintiff and expressly authorized, affiliated agents may use the NOT YOUR MOTHER'S Marks. The NOT

YOUR MOTHER'S Marks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with Plaintiff.

46.     Currently, and at all relevant times, Plaintiff has been the sole owner of the NOT YOUR MOTHER'S Marks and related logos and designations.

47.     Plaintiff has used the NOT YOUR MOTHER'S Marks on and in connection with their business and activities, in interstate and intrastate commerce, and around the world.

48.     Defendant is not in any way or for any purpose affiliated with Plaintiff and, therefore, cannot use the NOT YOUR MOTHER'S Marks. Plaintiff has not allowed, authorized, or permitted Defendant to use the NOT YOUR MOTHER'S Marks.

49.     Defendant's unlawful and illegitimate use of its NOT MY MAMA'S designation occurred after the NOT YOUR MOTHER'S Marks became famous and distinctive. Defendant's actions and conducts have been and are wrongful, unauthorized, improper, and illegal.

50.     Defendant's activities falsely suggest or imply a sponsorship, agency, connection, license, or association between Defendant and Plaintiff; create a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's products; and create a likelihood of dilution of the NOT YOUR MOTHER'S Marks.

51.    Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and the goodwill associated with Plaintiff's marks.

52.    Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm consumers and the general public, who have an inherent interest in being free from confusion, mistake, and deception.

53.    Money damages cannot fully repair the damage that will be done to Plaintiff and the public.

## FIRST CAUSE OF ACTION

### Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114(1)

54.    Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in the paragraphs 1-53 detailed above as though fully set forth herein.

55.    Defendant, without the consent of Plaintiff, has been and is infringing at least one of the NOT YOUR MOTHER'S Marks in connection with the sale, offering for sale, distribution, and/or advertising of beauty and personal care products under the designation NOT MY MAMA'S. Such use is likely to cause confusion, to cause mistake, and/or to deceive, including by leading the public to believe, falsely, that Defendant's products, and the products advertised at

Defendant's Website, are the goods of Plaintiff, or are sponsored, endorsed, licensed, or approved by Plaintiff, or are in some way connected with Plaintiff.

56.    Defendant's NOT MY MAMA'S Mark, alone as a trade name but also especially when used on and/or in conjunction with goods that are similar to those offered by Plaintiff, constitutes a colorable imitation of one or more of Plaintiff's NOT YOUR MOTHER'S Marks.

57.    Defendant's acts have injured and, in the absence of injunctive relief, will continue to injure, Plaintiff's image, reputation, and goodwill in Florida and elsewhere in the United States by creating consumer confusion and dissatisfaction, and corresponding diminution in the reputation and goodwill associated with DeMert and the NOT YOUR MOTHER'S Marks.

58.    Defendant's use of the NOT MY MAMA'S Mark evokes an immediate, favorable impression or association, and constitutes a false representation that Defendant's business has some connection, association, or affiliation with Plaintiff, and is likely to mislead the trade and public into believing that Defendant's products originate from, are affiliated with, or are sponsored, authorized, approved, or sanctioned by Plaintiff.

59.    Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and

16

costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

60.     Plaintiff will also be irreparably damaged unless Defendant is permanently enjoined from committing and continuing to commit such acts.

## SECOND CAUSE OF ACTION

### Trademark Dilution under the Lanham Act, 15 U.S.C. § 1125(c)

61.     Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in the paragraphs 1-53 detailed above as though fully set forth herein.

62.     Plaintiff's NOT YOUR MOTHER'S Marks are distinctive inherently and/or through acquired distinctiveness and have become famous all within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendant, after Plaintiff's NOT YOUR MOTHER'S Marks became famous, commenced and has been and is using at least one mark and/or trade name in commerce that is likely to cause dilution by blurring of Plaintiff's NOT YOUR MOTHER'S Marks, including in the presence of actual and likely confusion, competition, and actual economic injury.

63.     The NOT YOUR MOTHER'S Marks are famous throughout the United States.

129497961.1

64.     The NOT YOUR MOTHER'S Marks became distinctive and famous prior to the Defendant's use of its marks and acts as alleged herein.

65.     Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute, and are likely to dilute, the distinctive quality of the NOT YOUR MOTHER'S Marks.

66.     Defendant's acts cause irreparable damage to Plaintiff, and will, unless enjoined, continue to damage Plaintiff.

67.     Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

68.     Plaintiff will also be irreparably damaged unless Defendant is permanently enjoined from committing and continuing to commit such acts.

## THIRD CAUSE OF ACTION

### Federal Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a)

69.     Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in the paragraphs 1-53 detailed above as though fully set forth herein.

70.     Defendant, on and/or in connection with goods and beauty and care products, has been and is using in commerce on Defendant's Website Defendant's

NOT MY MAMA'S Mark, which is a confusingly similar imitation of Plaintiff's NOT YOUR MOTHER'S Marks and likely to cause confusion, to cause mistake, and/or to deceive, including by leading consumers and the public to falsely believe that Plaintiff is affiliated, connected, and/or associated with Defendant, and/or by leading consumers and the public to falsely believe that Plaintiff approved and/or approves of Defendant's goods and/or commercial activities.

71.    Defendant's use in commerce of the NOT MY MAMA'S Mark is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's products are authorized, sponsored, approved by, or affiliated with Plaintiff.

72.    The above-described acts of Defendant constitute unfair competition in violation of 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

73.    Defendant has unfairly profited from the actions alleged.

74.    By reason of the above-described acts of Defendant, Plaintiff has suffered damage to the goodwill associated with the NOT YOUR MOTHER'S Marks.

75.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and the NOT YOUR MOTHER'S Marks.

129497961.1

76.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who have an interest in being free from confusion, mistake, and deception.

77.    By reason of Defendant's acts, Plaintiff's remedy at law is not adequate to compensate for the injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to entry of permanent injunctive relief pursuant to 15 U.S.C. § 1116.

## FOURTH CAUSE OF ACTION

### Common Law Trademark Infringement

78.    Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in the paragraphs 1-53 detailed above as though fully set forth herein.

79.    Defendant is providing beauty and personal care products through identical channels of trade as Plaintiff under a confusingly-similar mark.

80.    Defendant's unauthorized promotion, advertisement, sale, and offering for sale of infringing goods is causing confusion as to the source of those goods and is therefore harming Plaintiff's goodwill and constitutes an unlawful misappropriation of Plaintiff's rights in the NOT YOUR MOTHER'S Marks.

81.    Defendant has infringed Plaintiff's trademark rights and has offered for sale, advertised, and sold infringing goods in violation of Plaintiff's proprietary rights.

129497961.1

82.     Due to Defendant's conduct, Plaintiff has suffered, and will continue to suffer, irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendant's past, continuing, and future acts. Plaintiff's remedy at law is not adequate to compensate Plaintiff for the injuries already inflicted and further threatened by Defendant. Accordingly, Plaintiff is entitled to injunctive relief.

83.     Plaintiff is entitled to punitive and/or exemplary damages in an amount appropriate to punish Defendant and/or to make an example of Defendant to the community.

*\*\**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action alleged herein.

*\*\**

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

I.      enter judgment that Defendant has:

a.      violated the Lanham Act, 15 U.S.C. §§ 1114 and 1125; and

b.      engaged in trademark infringement in violation of the laws of Florida;

21

II.      grant injunctive relief by permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

a.      engaging in any activity including, whether directly or through the authorization of a third party, advertising, promoting, marketing, selling, or offering for sale any goods or products bearing or in connection with the NOT MY MAMA'S Mark or the NOT YOUR MOTHER'S Marks, including using such marks on Defendant's Website or any other website, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the NOT YOUR MOTHER'S Marks;

b.      engaging in any activity or conduct that infringes Plaintiff's rights in the NOT YOUR MOTHER'S Marks;

c.      engaging in any activity or conduct that is likely to dilute the distinctiveness of Plaintiff's NOT YOUR MOTHER'S Marks;

d.      engaging in any unfair competition with Plaintiff;

129497961.1

e.   making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

f.   registering, owning, or using any domain name that consists of any of the NOT MY MAMA'S Mark or the NOT YOUR MOTHER'S Marks or includes such marks in the domain portion of the domain name at any level, or that is confusingly similar to any of the NOT YOUR MOTHER'S Marks, or that is calculated to confuse consumers into believing that the website accessible via the domain name originates from Plaintiff, or is sponsored or licensed by, or affiliated with, Plaintiff, when it is not;

g.   using or authorizing any third party to use in connection with any business, goods, or products any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely

23

associate such business, goods and/or products with Plaintiff or tend to do so;

h.     receiving any compensation, whether in money, in kind, or otherwise, for any of the acts proscribed in subparagraphs (a)-(g) above, either directly or through online advertisers; and

i.     misappropriating that which rightfully belongs to Plaintiff, its customers, or potential customers, or that in which Plaintiff or its customers or potential customers have a proprietary interest;

III.     grant injunctive relief permanently requiring Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, to:

a.     remove from commerce any goods or products being offered that bear any of the NOT MY MAMA'S Mark or the NOT YOUR MOTHER'S Marks, or any similar designation thereto;

b.     permanently prevent the domain name for Defendant's Website from resolving to content that creates the false impression that Defendant's Website is sponsored, licensed, or authorized by Plaintiff; and

24

   c. engage in corrective advertising as necessary;

IV. enter judgment awarding Plaintiffs its compensatory, consequential, statutory, special, treble, and punitive damages, including, without limitation, Defendant's profits, compensation for Plaintiff's lost profits, loss of goodwill, damage to reputation, cost of corrective advertising, and other damages, as provided by law, together with pre- and post-judgment interest;

V. cancel, under the Lanham Act, 15 U.S.C. § 1068, Defendant's U.S. Trademark Registration No. 5,979,232 for the NOT MY MAMA'S Mark and any other registrations that infringe and dilute Plaintiff's NOT YOUR MOTHER'S Marks, cause a likelihood of confusion, and have injured and continue to damage Plaintiff;

VI. award Plaintiff its costs and reasonable attorney fees pursuant to 15 U.S.C. § 1117(a), Florida law, and any other applicable provision of law; and

VII. award such other or further relief as the Court may deem just and proper.

129497961.1

Respectfully submitted,

Dated: May 13, 2022

**CARLTON FIELDS, P.A.**

By: /s/ Eleanor M. Yost
    Eleanor M. Yost (FBN 1003178)
    [Lead Counsel]
    Ahmed-Zayn Mohamed (FBN 1015364)
    4221 W. Boy Scout Blvd.
    Suite 1000
    Tampa, Florida 33607-5780
    Direct: 813.229.4395
    Fax: 813.229.4133
    eyost@carltonfields.com
    zmohamed@carltonfields.com
    trademarks@carltonfields.com

    -and-

**CAREY, O'MALLEY, WHITAKER, MUELLER, ROBERTS & SMITH, P.A.**

Michael R. Carey (FBN 259187)
[Lead Counsel]
712 S Oregon Ave.
Tampa, Florida 33606
Direct: 813.250.0577
Fax: 813.250.9898
mcarey@careyomalley.com
aguy@careyomalley.com